CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
06/09/2020
JULIA C. DUDLEY, CLERK
BY: H. Wheeler
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:16-cr-50008 |
| v. | **MEMORANDUM OPINION** |
| JASON BRADLEY, *et al.*, | JUDGE NORMAN K. MOON |
| *Defendants.* | |

This matter is before the Court upon Defendant Jason Bradley's motion to dismiss the superseding indictment against him. Dkt. 832, 859. Bradley and two Co-Defendants were previously found guilty by a jury for their alleged roles in a wide-ranging conspiracy to distribute synthetic drugs in the Western District of Virginia and elsewhere. Dkt. 501. However, the Fourth Circuit subsequently vacated their convictions and remanded for further proceedings, holding that this Court committed reversible error by failing to submit to the jury whether the Government established that the Western District of Virginia was a proper venue for the trial.

Bradley moves to dismiss the superseding indictment on several grounds: 1) jeopardy attached at trial, and so retrial on the same charges would violate the Fifth Amendment's double jeopardy clause, Dkt. 832; 2) the Fourth Circuit implicitly decided that there was insufficient evidence to prove venue, and so the Government may not relitigate venue without violating the double jeopardy clause, Dkt. 859; and 3) the Government must be barred by the doctrines of res judicata and collateral estoppel from relitigating the issue of venue. These arguments are without merit, and so the Court will deny Bradley's motion.

### I. Background

Defendant Jason Bradley and six others were charged via superseding indictment for their alleged roles in a long-running and wide-ranging conspiracy to distribute certain synthetic drugs—3,4-methylenedioxypyrovalerone ("MDPV") and a-Pyrrolidinovalerophenone ("a-PVP")—commonly known as "bath salts." Dkt. 23. Bradley was charged with four counts in the superseding indictment: 1) conspiracy to distribute and to possess with the intent to distribute one or more controlled substances, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C); 2) conspiracy to import a controlled substance, 21 U.S.C. §§ 952(a), 960(a)(1), 960(b)(3); 3) conspiracy to commit "promotion money laundering," 18 U.S.C. § 1956; and 4) conspiracy to commit international money laundering, 18 U.S.C. § 1956; Dkt. 23.

Bradley and two others—Nayna Taylor and her husband Edward Taylor—pled not guilty to the charges and chose to proceed to trial. At the close of the Government's case in chief, Bradley and the Turners each moved for judgment of acquittal pursuant to Rule 29(a) of the Federal Rules of Criminal Procedure on multiple grounds, including that the Government had failed to establish that venue was proper in the Western District of Virginia.[1] The Court denied these motions, finding that the Government provided sufficient evidence as to venue for the trial to continue. In its charge to the jury at the close of the trial, the Court did not include a jury instruction as to venue. Instead the Court informed the jury that the Government alleged in its superseding indictment that the offenses were committed "in the Western District of Virginia and elsewhere," and that Harrisonburg is "within the Western District of Virginia." The jury convicted Bradley and the Taylors on all counts.

---

[1] Defendants had also filed a motion to dismiss prior to trial on the grounds that venue was improper, but she noted that this was done merely to preserve the argument. Dkt. 232.

Defendants moved post-trial for judgment of acquittal under Rules 29(c) and 33 on several grounds, one of which was that the Government had failed to prove venue by a preponderance of the evidence. Dkt. 527, 552, 558. The Court denied the motion, finding with respect to venue that the Government had "presented sufficient evidence for a jury to conclude that an overt act in furtherance of the conspiracy occurred in the Western District of Virginia." Dkt. 623.

Bradley and the Taylors appealed their convictions on several grounds, including venue. The Fourth Circuit vacated their convictions, remanded for further proceedings, and declined to reach Defendants' other arguments on appeal. It found that this Court committed reversible error when it failed to submit to the jury any question of whether the Government established that Bradley and his alleged co-conspirators committed the offenses in the Western District of Virginia. *United States v. Taylor*, 784 F. App'x 145, 153 (4th Cir. 2019). Reviewing the evidence presented at trial, the Fourth Circuit held that "although there may have been sufficient evidence for jury findings of proper venue, there was not substantial and uncontroverted evidence such that the venue issues could be withheld from the jury. Thus, we are constrained to recognize that the district court's error in failing to submit the venue issues to the jury was not harmless." *Id.* at 154.

Following the Fourth Circuit's mandate to this Court, Bradley filed the present motion to dismiss. Dkt. 832, 859. The matter is now fully briefed and ripe for review.

**II.   Analysis**

Bradley's motion to dismiss, filed *pro se*, asserts that the indictment should be dismissed on two distinct grounds: 1) because he was already tried on the indictment once, retrial would violate the Double Jeopardy Clause, and 2) there is insufficient evidence to prove venue is proper against Bradley. Dkt. 832. After the Government filed opposition to this motion, Dkt. 862, Bradley, through counsel, submitted in reply a more nuanced argument on Double Jeopardy and venue:

because the Fourth Circuit implicitly concluded that evidence was insufficient as a matter of law to prove venue, retrial would violate the Double Jeopardy Clause. Dkt. 863. However, because the Fourth Circuit's reasoning included no such conclusion as to the sufficiency of the evidence, and because Bradley's other arguments raised *pro se* are also without merit, Bradley's motion shall be denied.

1. Double Jeopardy

Bradley first contends that "[n]ow that the Fourth Circuit has vacated Bradley's convictions, the Double Jeopardy Clause prohibits a second prosecution of Bradley for the same offense. The jury was impaneled, a lengthy trial took place, and after the district court incorrectly decided that venue was appropriate the jury reached a verdict of guilt." Dkt. 832 at 6. Therefore, Bradley argues, "a second prosecution for the same offense after the Fourth Circuit vacated Bradley's convictions is prohibited." *Id.*

The Fifth Amendment's double jeopardy clause provides that no person shall "be subject for the same offence to be twice put in jeopardy." U.S. Const. amend. V. But this does not apply any time a reviewing court overturns a conviction resulting from a jury trial. For instance, when a defendant's conviction has been vacated "due to a *trial error*," a defendant may be subject to retrial without violating the Double Jeopardy Clause. *United States v. Akpi*, 26 F.3d 24, 25 (4th Cir. 1994) (citing *Tibbs v. Florida*, 457 U.S. 31, 40 & n.14 (1982)) (emphasis in original). On the other hand, "if a conviction is reversed solely due to evidentiary insufficiency the double jeopardy clause requires that the court of appeals cause the entry of a judgment of acquittal." *United States v. Mandel*, 591 F.2d 1347, 1372 (4th Cir.), *aff'd on reh'g*, 602 F.2d 653 (4th Cir. 1979); *see also United States v. Engle*, 676 F.3d 405, 412 (4th Cir. 2012) ("We have recognized that venue is a question of fact in which the burden of proof rests with the government, but unlike other facts in

the government's case, it may be proven by mere preponderance of the evidence."). Bradley's motion fails to address this distinction, but the Fourth Circuit's decision fits into the former category. It vacated the convictions of Bradley and his co-Defendants and remanded for further proceedings due to a procedural trial error by this Court: the failure to submit the issue of venue to the jury. *See United States v. Kaytso*, 868 F.2d 1020, 1021 (9th Cir. 1988) (holding that venue is not an element of the offense, as required to trigger double jeopardy concerns).

In his reply brief, Defendant argues that although the Fourth Circuit reversed this Court for its failure to submit the question of venue to the jury, it also implicitly concluded within this analysis that there was insufficient evidence as to venue: that "a careful reading of the Fourth Circuit's opinion establishes that it made an implied finding that there was insufficient evidence to prove that: (1) Mr. Bradley was a member of the alleged conspiracy, and (2) there was a legitimate connection to the Western District of Virginia." Dkt. 863 at 4. Referring to the "mandate rule," which provides that a trial court is "bound to carry the mandate of the upper court into execution and [may] not consider the questions which the mandate laid at rest." *United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993), Defendant argues that "re-litigation of [venue] is prohibited and Bradley cannot be retried without violating the Double Jeopardy Clause." Dkt. 863 at 6.

The Fourth Circuit's analysis cannot plausibly be read to have "laid to rest" the issue of whether a jury could find venue proper by a preponderance of the evidence, because the question confronted by the Fourth Circuit turned on an entirely different standard: whether evidence of venue offered at trial was so "substantial and uncontroverted" that this Court's failure to submit the question to the jury was harmless. *Taylor*, 784 F. App'x at 152. It held that the evidence was not "substantial and uncontroverted," and so the error was not harmless. *Id.* ("with respect to the failure to submit a venue issue to the jury, we place the burden on the government to show that the

5

venue evidence is "substantial" — in this context meaning "ample," "strong," and "overwhelming" — as well as "uncontroverted"). In fact, even if the Fourth Circuit stated in its opinion that it did not believe the evidence established venue by a preponderance of the evidence (which it did not), that would not necessarily settle the matter; the question would have been whether "any rational trier of fact" could have found venue by a preponderance of the evidence. *United States v. Fall*, 955 F.3d 363 (4th Cir. 2020) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). The Fourth Circuit explicitly drew this distinction in its opinion, stating:

> With respect to the denial of a Rule 29 motion, our "substantial evidence" assessment involves viewing the evidence in the light most favorable to the Government and determining whether it is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt [or of proper venue by a preponderance of the evidence. By contrast, with respect to the failure to submit a venue issue to the jury, we place the burden on the government to show that the venue evidence is "substantial" — in this context meaning "ample," "strong," and "overwhelming" — as well as "uncontroverted."

*Taylor*, 784 F. App'x at 152; *see also id.* at 154 ("although there may have been sufficient evidence for jury findings of proper venue, there was not substantial and uncontroverted evidence such that the venue issues could be withheld from the jury"). In fact, at the close of the opinion, the Fourth Circuit remarked that it was leaving the district court the very question Defendant claims it implicitly decided on appeal:

> Notably, the defendants raise various contentions that Kaestner's role as a subdistributor of synthetic drugs supplied by Bradley and Ryba — even if proven to a jury — would be inadequate, as a matter of law, to establish venue in the Western District of Virginia for each of the Indictment's conspiracy charges. We leave those arguments to the district court on remand.

*Taylor*, 784 F. App'x at n.4. Simply put, the Fourth Circuit neither expressly nor impliedly made a finding as to whether there was sufficient evidence for a jury to find venue established by a preponderance of the evidence,[2] and so it provides no obstacle to the Government retrying Bradley.

   2. Collateral Estoppel

Bradley also argues that retrial should be "barred by the doctrines of res judicata and collateral estoppel embodied in the protection guaranteed by the Double Jeopardy Clause." Dkt. 832 at 8 (citing *Ashe v. Swenson*, 397 U.S. 436, 445 (1970)). Defendant argues that the Government should be estopped from relitigating venue at retrial because "the government has already had a first bite at the issue of venue." *Id.* However, at the very least, collateral estoppel in criminal matters only applies when an issue of fact was decided by a previous case in the defendant's favor. *United States v. Ragins*, 840 F.2d 1184, 1194 (4th Cir. 1988) ("Once an issue of ultimate fact has been resolved *in a defendant's favor* by a valid and final judgment in a criminal proceeding, the government may not relitigate that issue in a subsequent criminal prosecution against him.") (emphasis added). Here, Bradley can make no assertion that venue was resolved in his favor at trial.[3] Bradley's broad reading of collateral estoppel's applicability finds no support in Fourth Circuit law. The Court agrees with the Government that "[t]here is no basis for collateral estoppel that could operate to prevent further prosecution in this case for the simple reason that the judgment against Bradley has been vacated." Dkt. 862 at 7.

---

[2] Indeed, the Fourth Circuit declined to go as far as Defendants sought in their appellate brief, in which they asked the Fourth Circuit to reverse or vacate their convictions because the Government "failed to establish by a preponderance of the evidence that venue was proper in the Western District of Virginia." Appellants' Brief at 5, *U.S. v. Taylor*, 784 F. App'x 145 (4th Cir. 2019).

[3] It is conceivable that Bradley intended to argue that the Fourth Circuit's decision had the effect of estopping the Government from relitigating venue. Such an argument is addressed and rejected in Part II.1 of this opinion.

3. Sufficiency of the evidence

To the extent Bradley argues that the superseding indictment should be dismissed because the evidence of proper venue is insufficient for the Government to proceed to trial, this argument must fail for the same reasons it failed before Bradley's first trial. *See* Dkt. 232, 473. "A district court may dismiss an indictment under Rule 12 where there is an infirmity of law in the prosecution; a court may not dismiss an indictment, however, on a determination of facts that should have been developed at trial." *Engle*, 676 F.3d at 415 (internal quotations and citations omitted). *See Taylor*, 784 F. App'x at 153 ("The district court denied the defendants' requests for judgments of acquittal on venue grounds, justifiably ruling that the evidence was sufficient to proceed with the trial in the Western District of Virginia."). Bradley and his co-Defendants may renew any objections relating to the Government's evidence on venue during trial under Rule 29(a).

### III. Conclusion

For the foregoing reasons, Bradley's motion to dismiss will be denied. An appropriate order will issue.

The Clerk of the Court is directed to send a copy of this memorandum opinion to all counsel of record.

Entered this __9th__ day of June, 2020.

*[signature: Norman K. Moon]*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

8